IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL JAMES FOX, III, | * | C.A. No. |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **COMPLAINT** |
| | * | |
| TOWN OF SMYRNA, DAVID S. HUGG, | * | **TRIAL BY JURY DEMANDED** |
| III, individually and in his official capacity | * | |
| as Town Manager of the Town of Smyrna, | * | |
| and VALERIE HERITAGE, individually | * | |
| and in her official capacity as Administrative | * | |
| Clerk of the Town of Smyrna, | * | |
| | * | |
| Defendants. | * | |

1. Plaintiff Samuel James Fox is a resident of the State of Delaware residing at 276 Sunrise Drive, Clayton, Delaware 19938.

2. Defendant Town of Smyrna (hereinafter "Defendant Town") is a municipal entity, a political subdivision of the State of Delaware, an employer within the State of Delaware, within the jurisdictional coverage of Title VII of the Civil Rights Act, and within the jurisdictional coverage of the Age Discrimination in Employment Act.

3. Defendant David S. Hugg, III, was at all times pertinent hereto, the Town Manager and employee of Defendant Town.

4. Defendant Valerie Heritage, was at all times pertinent hereto, the Administrative Clerk in the Building Department and employee of Defendant Town.

5. This Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and pursuant to 42 U.S.C. § 2000e-5(f)(3).

6. This Court has pendent jurisdiction over Plaintiff's state law claims pursuant to

28 U.S.C. § 1367.

7. Venue for all causes of action stated herein lies in the District of Delaware as the acts alleged as the bases for these claims took place within the boundaries of that District.

8. Plaintiff is a Caucasian male, age fifty-five (55).

9. Plaintiff began employment with Defendant the Town of Smyrna on or about July 3, 2000, as a Building Code Enforcement Officer.

10. During the period of his employment, Plaintiff was never the subject of disciplinary action, nor was he ever counseled by Defendant Town or its agents until the time of the incidents leading to his employment's termination as set forth hereinbelow.

11. Further, Plaintiff was promoted three times during his employment with Defendant Town, eventually achieving the positions of Capital Projects Coordinator and Manager of the Building and Inspection Department.

12. At all times relevant hereto, Plaintiff performed the duties of his job position satisfactorily.

13. In March of 2005, Ms. Jeri Dunn, Town Planner for Defendant Town, who worked in conjunction with Plaintiff in managing the Building & Inspection Department, was terminated for allegedly making defamatory comments about another employee of Defendant Town, Ms. Janet Vinc. Ms. Vinc was a younger female who was favored by Defendant Hugg. These allegations against Ms. Dunn were false, and were promoted by Defendant Hugg to secure for Ms. Vinc an advancement under the new job title of Manager of Zoning and Planning Department, a position created for Ms. Vinc by Defendant Hugg.

14. During the course of events following this incident, Plaintiff made clear that such

types of comments of a similar nature were never made by him, nor directed toward any other employee of Defendant Town by him. Plaintiff went so far as to speak at a meeting of Defendant Town employees and encouraged anyone with information to the contrary to step forward so that a thorough investigation could be completed. No person claiming to have such alleged information came forward.

15. Contrary to Defendant Town's internal investigatory procedures, Defendant Hugg allegedly recorded two statements from individuals alleging that Plaintiff made similar defamatory statements on March 22, 2005. These statements were given some time after Plaintiff had encouraged an open and full disclosure of information surrounding the incident, were not reported in anyway to Plaintiff, nor were they obtained in compliance with procedural guidelines. These statements were acquired by Defendant Hugg for pretextual reasons adverse to Plaintiff's employment interests. Moreover, after Plaintiff discovered the existence of these written statements in 2006, one of the employees who purportedly made such statement told Plaintiff that he had not made the statement.

16. In January of 2006, Defendant Hugg sent an email regarding Plaintiff to a Town Councilman, falsely accusing Plaintiff of making sexual harassing comments. In April of 2006, the false statements obtained by Defendant Hugg were published on the Internet on a website oriented toward political issues regarding Defendant Town. These recorded and published statements were false and the fabrication of them was wanton and/or wilful. Only two people had access to these documents, both employees of Defendant Town, and could have given them to the individuals who maintain the website, namely Defendant Hugg and his secretary, Carol McKinney.

17. In 2005, the Mayor and Town Council of Defendant Town recommended to Defendant Hugg, as Town Manager of Defendant Town, that Plaintiff be promoted to Assistant Town Manager. Ms. Vinc told Defendant Hugg that she would not work for Defendant Town if Plaintiff was promoted. Accordingly, Defendant Hugg refused to promote Plaintiff. Plaintiff subsequently learned that Ms. Vinc wanted the Assistant Town Manager position for herself.

18. Plaintiff received his best performance review to date on May 15, 2005, from Defendant Town, through its agent Defendant Hugg.

19. Shortly after this time, Defendant Heritage made false and malicious statements that Plaintiff was having an affair with a coemployee. These statements were false and baseless and when confronted Defendant Heritage admitted that the statements had been fabricated without justification. These statements were made maliciously by Defendant Heritage for pretextual reasons adverse to Plaintiff's employment interests.

20. In addition to the slanderous statements made about Plaintiff, Defendant Heritage verbally assaulted Plaintiff during the workday at their place of employment with Defendant Town. Despite Plaintiff's complaint to Defendant Hugg, as Town Manager for Defendant Town, in regard to Defendant Heritage's behavior, Defendant Hugg refused to investigate these claims and refused to initiate disciplinary action against Defendant Heritage for her inappropriate and wrongful conduct.

21. Subsequent to Defendant Hugg's reorganization and promotion of Ms. Vinc to the position of Manager of Zoning and Planning Department, some job responsibilities of the former Town Planner's position were not assigned to Ms. Vinc, but became Plaintiff's responsibilities. Given the additional work load placed upon Plaintiff, he repeatedly requested an assistant be

hired to aid him with his management and planning duties. In December of 2005, a meeting was held involving Defendant Hugg, as Town Manager of Defendant Town, in which it was decided that another person would be hired to assist Plaintiff with his planning duties and management of the Building and Inspection Department. Plaintiff, though having made requests repeatedly for assistance and action of this kind, was never informed by Defendant Hugg that such a personnel move was forthcoming and such hiring did not occur prior to Plaintiff's employment ending with Defendant Town.

    22.    Due to Defendant Hugg's inaction regarding Plaintiff's repeated requests for assistance and the aforementioned untenable work environment cultivated by Defendant Town and its agents, Plaintiff was compelled to resign from employment on January 18, 2006. In short, during his employment with Defendant Town, Plaintiff suffered discrimination on the basis of his age and sex from Defendant Town's agents. Defendant Hugg favored a younger, female employee over Plaintiff, and falsely and maliciously accused both an older female employee, Ms. Dunn, and Plaintiff of making derogatory comments about that younger, female employee. In addition, Defendant Hugg denied a promotion to Plaintiff to the position of Assistant Town Manger due to Ms. Vinc, herself, coveting it. Further, Defendant Hugg was engaged in a campaign to vilify and discredit Plaintiff beginning in March of 2005, with the collection of false statements, through April 2006, with the placement of these false statements on the Internet. Furthermore, it is apparent that Defendant Hugg created a hostile environment for Plaintiff, refusing to respond both to his requests for staffing assistance and to his complaints about the derogatory comments of Defendant Heritage.

    23.    Plaintiff has received a Notice of Right to Sue for the above-mentioned allegations

from the U.S. Equal Employment Opportunity Commission.

24. Plaintiff has timely filed this Complaint within ninety days of his receipt of the Notice of Right to Sue.

25. The wrongful acts committed by Defendants, as stated hereinabove, were willful, wanton, and committed in bad faith.

### *COUNT I*

26. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 25 hereinabove.

27. By committing the aforementioned acts, Defendant Town, acting by and through its agents, discriminated against Plaintiff on the basis of his sex by refusing to promote him to Assistant Town Manager, by harassing him, subjecting him to a hostile environment for pretextual reasons, refusing to respond adequately and appropriately to his complaints, and by treating Plaintiff differently than a similarly situated female employee in violation of 42 U.S.C. § 2000(e) et seq.

28. As a direct result of the discriminatory and retaliatory conduct of Defendant Town, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Town for:

(a) Back pay, including interest;

(b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

    (c)    Punitive damages;

    (d)    Pre-judgment and post-judgment interest;

    (e)    Attorney's fees;

    (f)    Reinstatement, if feasible, or in the alternative, front pay;

    (g)    Any other relief that this Court deems just.

## *COUNT II*

29.    Plaintiff restates and hereby incorporates by reference paragraphs 1 through 28 hereinabove.

30.    Defendants, acting under color of state law, have deprived Plaintiff of the rights afforded him under the United States Constitution and federal law, in violation of 42 U.S.C. § 1983. These rights include, but are not limited to, Plaintiff's rights to equal protection and due process of law regarding his employment relationship with Defendant Town, pursuant to the Fourteenth Amendment of the United States Constitution.

31.    Such violations of law happened in the context of a continuing, widespread, and persistent pattern of constitutional misconduct by the employees of said Defendants including discrimination on the basis of gender and deliberate indifference to or tacit authorization of such conduct by said Defendants' policy-making officials after notice to the officials of said misconduct.

WHEREFORE, Plaintiff demand judgment against Defendants, jointly and severally, for:

    (a)    Back pay, including interest;

    (b)    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of

          life, and all other non-pecuniary damages;

    (c)    Punitive damages;

    (d)    Pre-judgment and post-judgment interest;

    (e)    Attorney's fees;

    (f)    Reinstatement, if feasible, or in the alternative, front pay;

    (g)    Any other relief that this Court deems just.

## *COUNT III*

32. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 31 hereinabove.

33. By committing the aforementioned acts, Defendant Town, acting by and through its agents, discriminated against Plaintiff on the basis of his age by refusing to promote him to Assistant Town Manager, by harassing him, subjecting him to a hostile environment for pretextual reasons, refusing to respond adequately and appropriately to his complaints, retaliating against him, and by treating Plaintiff differently than a similarly situated younger employee in violation of 29 U.S.C. § 626 et seq.

34. As a direct result of the discriminatory and retaliatory conduct of Defendant Town, Plaintiff has suffered damages, including but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant Town for:

    (a)    Back pay, including interest;

    (b)    Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of

life, and all other non-pecuniary damages;

(c) Punitive damages;

(d) Pre-judgment and post-judgment interest;

(e) Attorney's fees;

(f) Reinstatement, if feasible, or in the alternative, front pay;

(g) Any other relief that this Court deems just.

### *COUNT IV*

35. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 34 hereinabove.

36. By their actions as described hereinabove, including but not limited to, falsifying and manipulating employment records to justify Plaintiff's constructive discharge, Defendants have breached the covenants of good faith and fair dealing implied under Delaware Law.

37. Defendants' actions in breaching the implied covenant of good faith and fair dealing were wilful and/or wanton.

38. As a direct result of the wrongful conduct of Defendants and their agents, Plaintiff has suffered damages, including but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally,

(a) Back pay, including interest;

(b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

  (c)  Punitive damages;

  (d)  Pre-judgment and post-judgment interest;

  (e)  Attorney's fees;

  (f)  Reinstatement, if feasible, or in the alternative, front pay;

  (g)  Any other relief that this Court deems just.

### *COUNT V*

39. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 38 hereinabove.

40. Defendant Town's agents have made false oral statements regarding Plaintiff, including but not limited to, upon information and belief, statements as to Plaintiff's moral character and alleged inappropriate acts by Plaintiff.

41. Defendant Town's agents have recorded and published false statements regarding Plaintiff, including but not limited to, upon information and belief, statements as to Plaintiff's moral character and alleged inappropriate acts by Plaintiff.

42. Defendant Town's agents knew said statements to be false when they made, recorded, and published them.

43. Defendant Town's agents have published said statements in an improper manner and for an improper purpose.

44. Defendant Town's agents have made said statements with actual malice. Said statements of Defendant Town's agents maligned Plaintiff in his trade, business, profession, and reputation, and Defendant Town's agents made said statements with the intent so to malign Plaintiff.

45. The defamatory oral and written statements of Defendant Town's agents regarding Plaintiff were intended to disgrace him, injure his reputation among his colleagues, malign him in his profession, and bring him into contempt and ridicule.

46. The defamatory oral and written statements of Defendant Town's agents regarding Plaintiff constituted slander and libel per se.

47. At all times pertinent to this matter, Defendants Hugg and Heritage, and Carol McKinney were acting as employees and agents of Defendant Town and were acting within the scope of their employment or agency relationship with Defendant Town.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a) Back pay, including interest;

(b) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(c) Punitive damages;

(d) Pre-judgment and post-judgment interest;

(e) Attorney's fees;

(f) Reinstatement, if feasible, or in the alternative, front pay;

(g) Any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: /s/ William D. Fletcher
WILLIAM D. FLETCHER, JR.
Bar I.D. # 362

BY: _____
NOEL E. PRIMOS
Bar I.D. #3124

BY: _____
B. BRIAN BRITTINGHAM
Bar I.D. #4966
414 S. State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorneys for Plaintiff

⁇JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS<br>Samuel James Fox, III | DEFENDANTS   Town of Smyrna, David S. Hugg, III, individually and in his official capacity as Town Manager of the Town of Smyrna and Valerie Heritage, individually and in her official capacity as Administrative Clerk of the Town of Smyrna |
|---|---|
| (b) County of Residence of First Listed Plaintiff   Kent<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Plaintiff<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Schmittinger & Rodriguez, P.A.<br>414 S. State Street, P.O. Box 497<br>Dover, DE 19903-0497<br>(302) 674-0140 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud<br>☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV<br>☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395 ff)<br>☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing / Accommodations | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access To Justice |
| ☐ 240 Torts to Land | ☐ 445 Amer. W/Disabilities- Employment | ☐ 535 Death Penalty<br>☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities – Other | ☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII (42 U.S.C. § 2000e et seq.) 42 U.S.C. § 1983 and 29 U.S.C. § 626

Brief description of cause:
Discrimination on the basis of sex and age, retaliation, denial of due process and equal protection rights, breach of the covenant of good faith and fair dealing and defamation

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASES(S) IF ANY** (See instructions): JUDGE ___ DOCKET NUMBER ___

DATE 8/7/07   SIGNATURE OF ATTORNEY OF RECORD   *William D. Fletcher*

FOR OFFICE USE ONLY

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __0 7 - 4 8 8__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__8/7/07__  __Paige J Schmittinger__
(Date forms issued)  (Signature of Party or their Representative)

__Paige J Schmittinger__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action