IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL JAMES FOX, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-488-GMS |
| | ) | |
| TOWN OF SMYRNA, DAVID S. HUGG, III, individually and in his official capacity as Town Manager of the Town of Smyrna and VALERIE HERITAGE, individually and in her official capacity as Administrative Clerk of the Town of Smyrna, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

1. Defendants are without knowledge or information sufficient to admit or deny the averments in paragraph 1.

2.-4. Admitted.

5.-7. The averments in paragraphs 5-7 state legal conclusions to which no response is required.

8.-9. Admitted.

1

10. Admitted that plaintiff was never the subject of formal disciplinary action during the period of his employment. Denied that plaintiff was never counseled by defendant Town or its agents. Defendants are unable to respond to the remainder of the averments in paragraph 10 because the phrase "until the time of the events leading to his employment termination as set forth herein below" is vague and confusing.

11. Admitted.

12. Denied as stated. Admitted, however, that plaintiff generally performed his job duties satisfactorily.

13. Admitted that in March, 2005 Town employee Jeri Dunn, who worked with plaintiff in the Building and Inspection Department, was terminated for making defamatory comments. Admitted that Ms. Vinc is younger than Ms. Dunn. The remainder of the allegations in paragraph 13 are denied.

14. Defendants are without knowledge or information sufficient to admit or deny the averments in paragraph 14.

15. Admitted that two Town employees approached defendant Hugg and told him they were upset about comments made in their presence by plaintiff regarding Ms. Vinc. Admitted that these two individuals signed affidavits regarding the statements made by plaintiff. Denied that the affidavits were acquired by defendant Hugg for pretextual reasons adverse to plaintiff's employment interests. Denied that the affidavits were not

obtained in compliance by procedural guidelines or the Town's internal investigatory procedures. Defendants are without knowledge or information sufficient to admit or deny the remainder of the averments in paragraph 15.

16. Admitted that in January of 2006, following plaintiff's resignation, defendant Hugg sent an e-mail regarding plaintiff to a Town Councilman. Denied that the e-mail falsely accused plaintiff of making sexual harassing comments. Denied that defendant Hugg obtained false statements. Denied that the affidavits referred to in the Answer to paragraph 15 above were false and or fabricated. Denied that only two people had access to these documents and could have given them to the individuals who maintain the website. Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations in paragraph 16.

17. Denied, upon information and belief, that the Mayor and Town Council in 2005 recommended to defendant Hugg that plaintiff be promoted to Assistant Town Manager. Denied that defendant Hugg refused to promote plaintiff. Upon information and belief, Ms. Vinc may have told defendant Hugg that she would not work for defendant Town if plaintiff was promoted to another open position (not Assistant Town Manager). Defendants are without knowledge or information sufficient to admit or deny the remaining averments in paragraph 17.

3

18. Answering defendants are without knowledge or information sufficient to admit or deny the averments in paragraph 18. By way of further answer, admitted that plaintiff received a satisfactory performance review on May 15, 2005.

19. Denied.

20. Denied.

21. Admitted that subsequent to the Town's reorganization and promotion of Ms. Vinc to the position of Manager of Planning and Zoning and promotion of plaintiff to Manager of the Building and Inspection Department, some job responsibilities of the former Director of Planning and Inspections position became plaintiff's responsibilities. Admitted that plaintiff requested that an assistant be hired to aid him with his management and planning duties. Defendants are without knowledge or information sufficient to admit or deny the remaining averments in paragraph 21. By way of further answer, no person was ever hired to the position referred to by plaintiff in paragraph 21.

22. Denied.

23.-24. Answering defendants are without knowledge or information sufficient to admit or deny the averments in paragraphs 23-24.

25. Denied.

26. Defendants restate and incorporate herein their responses to paragraphs 1-25.

4

27.-28. Denied.

29. Defendants restate and incorporate herein their responses to paragraphs 1-28.

30.-31 Denied.

32. Defendants restate and incorporate herein their responses to paragraphs 1-31.

33.-34. Denied.

35. Defendants restate and incorporate herein their responses to paragraphs 1-34.

36.-38. Denied.

39. Defendants restate and incorporate herein their responses to paragraphs 1-38.

40.-46. Denied.

47. The averments in paragraph 47 state legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

48. Defendants are entitled to qualified immunity because no action or conduct of defendants violated any established statutory or constitutional right of which a reasonable person would have known. Harlow v. Fitzgerald, 57 U.S. 800 (1982).

49. Defendants are immune from suit pursuant to the County and Municipal Tort Claims Act, 10 Del. C. § 4010, et. seq.

50. There is no official policy, practice, procedure or custom sufficient to establish a finding of municipal liability.

51. The actions and conduct of answering defendants were undertaken in a good faith performance of official duties, without wantonness, malice or actual malice and were therefore privileged under State and Federal law.

52. All statements made by defendants regarding plaintiff were expressions of opinion and therefore non-defamatory.

53. All statements made by defendants regarding plaintiff were substantially true and therefore non-defamatory.

54. Plaintiff's own actions were a superseding and/or intervening cause of his own alleged injuries and damages.

55. No reasonable person would have found plaintiff's working environment to be hostile or abusive.

56. Plaintiff failed to exhaust available administrative remedies.

**WHEREFORE,** defendants request that the Complaint be dismissed, with costs and attorney's fees assessed against plaintiff.

**AKIN & HERRON, P.A.**

<u>/s/ Bruce C. Herron</u>
Bruce C. Herron
Attorney I.D. No. 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, DE 19806
(302) 427-6987
Attorney for Defendants

Dated: August 30, 2007

H:\tmw5\data\files\Docs\3651.056\ANSW\8480.WPD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL JAMES FOX, III, | ) |
|         Plaintiff, | ) |
| v. | ) C.A. No. 07-488-GMS |
| TOWN OF SMYRNA, DAVID S. HUGG, III, individually and in his official capacity as Town Manager of the Town of Smyrna and VALERIE HERITAGE, individually and in her official capacity as Administrative Clerk of the Town of Smyrna, | ) |
|         Defendants. | ) |

## NOTICE OF SERVICE

I hereby certify that on this 30th day of August, 2007, a copy of **DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of the Court using CM/ECF and will be electronically served on plaintiff's attorney listed below:

William D. Fletcher, Jr., Esquire
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19903-0497

                                            AKIN & HERRON, P.A.

                                            /s/ Bruce C. Herron
                                            Bruce C. Herron
                                            Attorney ID No.: 2315
                                            1500 Shallcross Avenue
                                            Suite 1-A
                                            Wilmington, Delaware 19806
                                            (302) 427-6987

H:\tmw5\data\files\Docs\3651.056\NOS\8508.WPD