IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL JAMES FOX, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-488-GMS |
| | ) | |
| TOWN OF SMYRNA, DAVID S. HUGG, III, individually and in his official capacity as Town Manager of the Town of Smyrna and VALERIE HERITAGE, individually and in her official capacity as Administrative Clerk of the Town of Smyrna, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of October 18, 2007, the parties submit the following Joint Status Report:

1. **Jurisdiction and Service:** The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and pursuant to 42 U.S.C. §200e-5(f)(3). All parties are subject to the Court's jurisdiction. All defendants have been served and have filed an Answer to the Complaint.

1

2. **Substance of the Action:**

    a. <u>Factual and Legal Basis for Plaintiff's Claims</u>: Plaintiff was employed by Defendant Town of Smyrna, ultimately as Manager of the Building and Inspection Department, until January 2006, when he was constructively discharged. During his employment, Plaintiff was subjected to age and sex discrimination when Defendant Hugg, the Town Manager, favored a younger female employee over Plaintiff, and both Defendant Hugg and Defendant Heritage, the Town Clerk, made false and defamatory statements regarding Plaintiff. Plaintiff asserts claims against Defendants pursuant to Title VII; the Age Discrimination in Employment Act; 42 U.S.C. § 1983; for breach of the covenant of good faith and fair dealing; and for defamation.

    b. <u>Defendants' Defenses</u>: Based on defense counsel's preliminary investigation, it appears that plaintiff was not subject to a hostile work environment and that he freely and voluntarily resigned his position with the Town. Defendant Town Manager Hugg did not discriminate against plaintiff on the basis of his age or sex and did not deny a promotion to plaintiff to the position of Assistant Town Manager due to a younger female employee coveting the position. (The position was not filled because defendant Hugg believed it to be unnecessary and it remains vacant). Neither defendant Hugg nor defendant Valerie Heritage made false or defamatory statements regarding plaintiff.

3. **Identification of Issues:**

    a. Was plaintiff subject to an untenable and hostile work environment such that he was compelled to resign?

    b. Did defendants Hugg or Heritage make any defamatory statements regarding plaintiff or were their statements substantially true or expressions of opinion?

    c. Did defendants discriminate against plaintiff on the basis of his age or sex?

    d. Did defendants violate plaintiff's rights to equal protection and due process of law pursuant to the Fourteenth Amendment?

    e. Did defendants breach the covenant of good faith and fair dealing?

It is anticipated that discovery will enable the parties to better identify factual issues genuinely in dispute.

4. **Narrowing of Issues:** No discovery has yet occurred so the parties are unable to determine the extent to which outstanding issues can be narrowed by agreement or by motions. Defendants

anticipate filing dispositive motions as to some or all of plaintiff's claims at the conclusion of discovery.

5. **Relief:** Plaintiff seeks back pay, including interest, compensatory damages, punitive damages, attorney's fees and reinstatement, if feasible, or in the alternative, front pay.

6. **Amendment of Pleadings:** No amendments are contemplated at this time.

7. **Joinder of Parties:** None anticipated.

8. **Discovery:**

Plaintiff: 1 primary set of Interrogatories and Requests for Production of Documents, with 2 to 3 smaller follow-up sets. 4-5 depositions.

Defendants: 1-2 sets of Interrogatories and Requests for Production of Documents. 4-5 depositions. The parties believe discovery can be completed by April 30, 2008.

9. **Estimated trial length:** The parties anticipate a 4-5 day trial. Following the conclusion of discovery the parties will explore the possibility of reducing the length of the trial by stipulations, use of summaries or other expedited means of presenting evidence.

10. **Jury Trial:** Plaintiff has requested a jury trial.

11. **Settlement:** There have been no settlement discussions to date. The parties agree that referral to the Magistrate for mediation is appropriate.

12. **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.**

13. Counsel for the parties have conferred regarding each of the above matters.

| SCHMITTINGER & RODRIGUEZ, P.A. | AKIN & HERRON, P.A. |
|---|---|
| /s/ Noel E. Primos<br>William D. Fletcher, Jr<br>Attorney I.D. No. 362<br>Noel E. Primos, Esquire<br>Attorney I.D. No. 3124<br>414 South State Street<br>P.O. Box 497<br>Dover, DE 19903<br>(302) 674-0140<br>Attorneys for Plaintiff | /s/ Bruce C. Herron<br>Bruce C. Herron<br>Attorney I.D. No. 2315<br>1500 Shallcross Avenue<br>Suite 1-A<br>Wilmington, DE 19806<br>(302) 427-6987<br>Attorney for Defendants |

Dated: October 22, 2007

H:\tmw5\data\files\Docs\3651.056\REP\9133.WPD