IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL JAMES FOX, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-488-GMS |
| | ) | |
| TOWN OF SMYRNA, DAVID S. HUGG, III, individually and in his official capacity as Town Manager of the Town of Smyrna and VALERIE HERITAGE, individually and in her official capacity as Administrative Clerk of the Town of Smyrna, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

 

**AKIN & HERRON, P.A.**
Bruce C. Herron
Attorney I.D. No.: 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, DE 19806
(302) 427-6987
Attorney for Defendants

Dated: July 14, 2008

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT

    I.    PLAINTIFF'S DISCRIMINATION CLAIMS MUST
        FAIL BECAUSE HE DID NOT SUFFER FROM AN
        ADVERSE EMPLOYMENT DECISION BASED ON
        AGE OR SEX . . . . . . . . . . . . . . . . . . . . . . . 1

    11.   PLAINTIFF HAS PRESENTED NO EVIDENCE
        OF DISCRIMINATION BASED ON SEX OR AGE. . . . . . . . . 3

    III.  DEFENDANT HERITAGE'S STATEMENTS TO
        CATHERINE FOX WERE NOT DEFAMATORY . . . . . . . . . . . 6

    IV.   PLAINTIFF'S DEFAMATION CLAIM MUST FAIL
        BECAUSE HE HAS NOT ALLEGED SPECIAL
        DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . 8

    V.    DEFENDANTS MOVED FOR SUMMARY JUDGMENT
        AS TO ALL OF PLAINTIFF'S CLAIMS AND
        THERE IS NO EVIDENCE UPON WHICH A JURY
        COULD FIND A VIOLATION OF 42 U.S.C. §1983 . . . . . . . 9

    VI.   DEFENDANTS DID NOT BREACH THE COVENANT
        OF GOOD FAITH AND FAIR DEALING IMPLIED
        IN EVERY EMPLOYMENT CONTRACT MADE IN
        DELAWARE . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

**CASES**

DuPont v. Pressman
    679 A.2d 436 (Del. Supr. 1996) . . . . . . . . . . . . . . 12

Connick v. Myers
    461 U.S. 138 (1983) . . . . . . . . . . . . . . . . . . . . 6

Doe v. Cahill
    888 A.2d 451 (Del. Supr. 2005) . . . . . . . . . . . . . . 6

Engquist v. Oregon Dept of Agriculture
    2008 U.S. LEXIS 4705 . . . . . . . . . . . . . . . . . . . 6

Garcetti v. Ceballos
    547 U.S. 410 (2006) . . . . . . . . . . . . . . . . . . . . 1

Gray v. York Newspapers, Inc.
    957 A.2d 1070 (3d Cir. 1992) . . . . . . . . . . . . . . . 9

Kidd v. MBNA Am. Bank
    224 F.Supp.2d 807 (D. Del. 2002) . . . . . . . . . . . 1, 3

Merrill v. Crothall American, Inc.
    606 A.2d 96 (Del. Supr. 1992) . . . . . . . . . . . . . . 12

Riley v. Moyed
    529 A.2d 248 (Del. Supr. 1987) . . . . . . . . . . . . . . 6

Spence v. Funk
    396 A.2d 967 (Del. Supr. 1978) . . . . . . . . . . . . . . 8

**STATUTES**

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . 9

I. PLAINTIFF'S DISCRIMINATION CLAIMS MUST FAIL BECAUSE HE DID NOT SUFFER FROM AN ADVERSE EMPLOYMENT DECISION BASED ON AGE OR SEX.

Plaintiff cites no authority for his contention that a difference of an opinion regarding support staff resources constitutes an adverse employment action. (PAB 14)[1]. Hugg addressed Fox's concerns and the two men had an exchange of views on the issue (August 19, 2005 Memo from David Hugg to Jim Fox, A-92; August 19, 2005 Memo from Jim Fox to David Hugg, A-93). A manager's decision regarding necessary "support and resources" (PAB 15) which has nothing to do with age or sex is not a basis for judicial relief. The Constitution does not require "[t]his displacement of managerial discretion by judicial supervision." Garcetti v. Ceballos, 547 U.S. 410, 423 (2006). See also Nick v. Myers, 461 U.S. 138, 143 (1983) (Government officials could not function if every employment decision became a constitutional matter.)

Plaintiff cites no authority for his novel argument that failure to promote an employee to an "unfilled, unbudgeted" (Hugg Dep. B-102) essentially non-existent position "qualifies as an adverse employment action." (PAB 14). In Kidd v. MBNA Am. Bank, 224 F.Supp.2d 807 (D. Del. 2002), the only case cited by plaintiff on this issue, the over-forty black female plaintiff

---

[1] References to Plaintiff's Answering Brief in Opposition to Defendants' Motion for Summary Judgment will be to "PAB."

1

telemarketer was denied a promotion to a Summer Associate Floor Coach position. The employer promoted a younger white male to the existing position. Here, there was no decision not to promote Fox; Town Manager Hugg simply decided not to fill a vacant position for reasons which had nothing to do with plaintiff.

Contrary to plaintiff's claim, Hugg never "sent an e-mail to Town Council Member Pressley indicating that Fox was unfit for the position." (PAB 14). Hugg sent an e-mail (B-170) to Mr. Pressley one month <u>after</u> plaintiff's voluntarily resignation from the Town. The e-mail does not refer to the Assistant Town Manager Position.

## 11. PLAINTIFF HAS PRESENTED NO EVIDENCE OF DISCRIMINATION BASED ON SEX OR AGE.

Plaintiff claims that an inference of age or sex discrimination can be drawn from Hugg's decision not to fill the vacant Assistant Town Manager position because "it is reasonable to conclude that Hugg desired to place Vinc in the Assistant Town Manager position, or in the alternative, desired to keep Plaintiff from the same position to appease Vinc." (PAB 16). If either of these inferences were reasonable, why does the position remain unfilled to this day, more than 2 ½ years after plaintiff's departure from the Town?

There is nothing in the record which casts doubt on the legitimate, non-discriminatory rationale for Hugg's decision: "It was my recommendation to Council, as part of the personnel budget process, that we not fill the assistant town manager position and, in fact, use the position and the funds for other workers...I need worker bees...people out taking care of electrical lines, the water and sewer lines and parks - much more desperately." (Hugg Dep. B-102-103). Kidd v. MBNA America Bank, 224 F.Supp.2d 807, 811 (D. Del. 2002) (When defendant establishes a legitimate, non-discriminatory reason for his actions, plaintiff must cast sufficient doubt upon defendant's proffered reasons to permit a reasonable fact finder to conclude the reasons are fabricated).

Plaintiff asserts that Hugg's "desire or tendency to favor younger and female employees" (PAB 16) was "demonstrated by his awarding Vinc the Planning and Zoning Manager position." (PAB 16). An employer's hiring decision regarding a position plaintiff did not seek and was not qualified for is not evidence of discrimination.

Hugg's treatment of Valerie Heritage for her comments to Mrs. Fox, when compared with his treatment of plaintiff for his comments regarding Janet Vinc, does not show Hugg's "favoritism toward female employees." (PAB 16) In fact plaintiff received more lenient treatment. A fellow employee accused plaintiff of making slanderous comments about Vinc. Following a meeting, Hugg decided not to discipline Fox. Fox accused Valerie Heritage of making inappropriate comments about him. Following a meeting, Hugg disciplined Heritage by giving her a written reprimand and recording the incident in her personnel file.

Hugg did not, as plaintiff contends, conduct a "formal hearing complete with witnesses" (PAB 17) in response to plaintiff's comments regarding Ms. Vinc. The March 11, 2005 meeting was an informal, free-wheeling discussion which resolved the matter without any discipline imposed on Mr. Fox. Hugg ~~conducted a similar~~ meeting in regard to ~~plaintiff's complaints~~ which resulted in formal discipline imposed on Ms. Heritage.

4

Plaintiff fails to address additional undisputed evidence regarding comparisons between plaintiff and the younger, female Ms. Vinc. Although they occupied equivalent positions in the Town's organizational structure, plaintiff's yearly salary exceeded Ms. Vinc's salary by more than $14,000.00. (Fox Dep. A-24-25, A-38; Vinc Aff. A-101).

### III. DEFENDANT HERITAGE'S STATEMENTS TO CATHERINE FOX WERE NOT DEFAMATORY.

Plaintiff cites Engquist v. Oregon Dept of Agriculture, 2008 U.S. LEXIS 4705 at 15 (attached to Plaintiff's Answering Brief) as support for his claim that defendant Heritage's expressions of opinion are not protected by the First Amendment. (PAB 18). Engquist holds only that the Equal Protection clause does not protect a government employee fired not because she was a member of a protected class but simply for arbitrary, vindictive and malicious reasons. Neither Engquist nor Connick v. Myers, 461 U.S. 138 (1983) (PAB 18) invalidate the fact/opinion analysis set forth by the Delaware Supreme Court in Doe v. Cahill, 888 A.2d 451 (Del. Supr. 2005) and Riley v. Moyed, 529 A.2d 248 (Del. Supr. 1987) for determining whether a particular communication is defamatory.

Plaintiff asserts there is a dispute as to whether Ms. Heritage's factual assertions - "frequent closed-door meetings, taking lunch together, a fondness and/or adoration between the two ogling at each other across the table" (PAB 19) are true. However, no record evidence challenges these assertions. There is no affidavit or deposition testimony in which plaintiff "denies...the activity actually occurred." (PAB 19).

Plaintiff is correct in stating that following her initial calls to Ms. Heritage at work, Mrs. Fox sought "further clarification by calling Heritage at her residence." (PAB 19). Ms. Heritage provided the requested clarification by again "stating there was no proof of anything going on" (C. Fox Dep. A-63) and " You can't assume anything if there isn't any evidence." (C. Fox Dep. A-66-67).

Mrs. Fox acknowledges that Ms. Heritage: (1) never told her that Mr. Fox and Ms. Masten were having an affair (A-65) (2) repeatedly assured her there was no proof of anything going on (A-63) and (3) agreed with her stated belief that her husband was not having an affair (A-66-67). Ms. Heritage's statements are not capable of a defamatory meaning.

## IV. PLAINTIFF'S DEFAMATION CLAIM MUST FAIL BECAUSE HE HAS NOT ALLEGED SPECIAL DAMAGES.

Plaintiff asserts that defendant Heritage's statements malign him in a trade, business or profession and therefore fall within a category of slander which is actionable without proof of special damages. (PAB 20). Spence v. Funk, 396 A.2d 967, 970 (Del. Supr. 1978). Plaintiff argues that Heritage's statements maligned his professional reputation because she alleged "he was having an extramarital affair with a subordinate employee." (PAB 20). The undisputed evidence – testimony from the only recipient of the alleged defamatory communication – demonstrates that Heritage alleged no such thing. (C. Fox Dep. A-63-65). (Ms. Heritage never told Mrs. Fox that Mr. Fox and Ms. Masten were having an affair and stated there was no proof of anything going on). Defendant Heritage's statements are not slander per se and therefore are not actionable absent proof of special damages.

V.  DEFENDANTS MOVED FOR SUMMARY JUDGMENT AS TO ALL OF PLAINTIFF'S CLAIMS AND THERE IS NO EVIDENCE UPON WHICH A JURY COULD FIND A VIOLATION OF 42 U.S.C. §1983

Plaintiff's claim that defendants failed to move for summary judgment as to his 42 U.S.C. §1983 claims (PAB 24) is incorrect. Defendants moved for summary judgment as to <u>all</u> of plaintiff's claims (D.I. 28) and the Opening Brief (DOB 13-14) specifically addresses plaintiff's claim that "Hugg...acting under color of state law...created a hostile and untenable work environment for plaintiff, which led to his constructive discharge." (PAB 24).

Plaintiff's attempt to brush aside his January 4, 2006 letter of resignation as an attempt to "politely terminate his employment formally" (PAB 11) is belied by his deposition testimony affirming the accuracy of all statements contained therein. (Fox Dep. A-36). An employee who (1) enjoyed his five years of employment "immensely" (A-100) (2) resigns only after securing a higher paying job and (3) thanks his supervisor (Defendant Hugg) "for all of the help he gave me, everything he taught me" (Fox Dep. A-39) could not have endured working conditions so unpleasant or difficult that a reasonable person would have no choice but to resign. <u>Gray v. York Newspapers, Inc.</u>, 957 A.2d 1070, 1079 (3d Cir. 1992).

9

Plaintiff's claim that he suffered a denial of due process in regard to Hugg's actions in obtaining the Stulir and Markow affidavits (PAB 25) is similarly unsupported by the evidence. Neither placement of the affidavits in Fox's personnel file nor their submission to Human Resources was required by Town Policy. (Excerpts of Town Policy Manual, B-167-169). Section 20.3 of the Town Policy Manual does not apply because Ms. Vinc made no formal complaint. In any event, Hugg complied with Section 20.3.2, which provides that "investigation...will normally include conferring with the parties involved and any named or apparent witnesses." (B-169).

Hugg's action in keeping the affidavits in his personal possession did not deny plaintiff "an opportunity to respond." (PAB 25). Fox had a full opportunity to give his side of the story at the March 11, 2005 meeting and took advantage of the opportunity. Following the meeting Hugg took no disciplinary action and therefore "plaintiff's property, privacy and liberty interests" (PAB 25) could not have been affected.

Plaintiff's claim that Hugg used the affidavits "in a disparaging manner in an attempt to prevent plaintiff from obtaining appointment to office by allowing the documents to be ~~posted on an internet website~~" (PAB 25) ~~is pure speculation.~~ There is no evidence upon which a jury could reasonably infer that Hugg released the documents or authorized their release.

10

Even if there were, there is no evidence that Hugg's actions were motivated by Fox's gender or age. (PAB 25). Hugg's actions in this regard could not have "constructively deprived [plaintiff] of his rights to employment" (PAB 25) because they are alleged to have occurred months after plaintiff's voluntarily resignation.

## VI. DEFENDANTS DID NOT BREACH THE COVENANT OF GOOD FAITH AND FAIR DEALING IMPLIED IN EVERY EMPLOYMENT CONTRACT MADE IN DELAWARE.

Hugg's actions in obtaining the Stulir and Markow affidavits do not constitute "an aspect of fraud, deceit or misrepresentation." Merrill v. Crothall American, Inc., 606 A.2d 96, 101 (Del. Supr. 1992). (PAB 22). Hugg did not take any action against plaintiff based on the affidavits. Hugg did not misrepresent the nature of the affidavits or deny their existence. Hugg "disclosed the existence of these affidavits in an e-mail to Town Council" (PAB 22) (B-170) one month after plaintiff resigned from the Town to accept a higher paying position.

Plaintiff's contention that Hugg "placed or allowed this affidavit to be placed on a website about the Town of Smyrna in an effort to discredit plaintiff" (PAB 22) is pure speculation. In any event, alleged actions taken by Hugg to prevent plaintiff from becoming a member of Town Council months after plaintiff resigned his position with the Town can not serve as the basis for a breach of the employment covenant of good faith and fair dealing.

The Court in DuPont v. Pressman, 679 A.2d 436 (Del. Supr. 1996) (PAB 23) ruled that the employment covenant of good faith and fair dealing permits a cause of action against an employer for deceitful acts in manufacturing materially false grounds to

cause an employees' dismissal. <u>Pressman</u> does not apply where, as here, there is no termination, discipline or adverse employment decision.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Defendants' Opening Brief, Defendants Town of Smyrna, David S. Hugg, III, and Valerie Heritage respectfully request that judgment be entered on their behalf.

AKIN & HERRON, P.A.

_____
Bruce C. Herron
Attorney I.D. No.: 2315
1500 Shallcross Avenue
Suite 1-A
Wilmington, DE 19806
(302) 427-6987
Attorney for Defendants

Dated: July 15, 2008

H:\tmw5\data\files\Docs\3651.056\BRIE\11623.WPD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL JAMES FOX, III, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        v. | )   C.A. No. 07-488-GMS |
| | ) |
| TOWN OF SMYRNA, DAVID S. HUGG, III, individually and in his official capacity as Town Manager of the Town of Smyrna and VALERIE HERITAGE, individually and in her official capacity as Administrative Clerk of the Town of Smyrna, | ) ) ) ) ) ) ) ) ) ) |
| | ) |
|        Defendants. | ) |

## NOTICE OF SERVICE

I hereby certify that on this 14th day of July, 2008, a copy of **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** was e-filed by using Lexis-Nexis which will send electronic copies of the same to counsel listed below:

William D. Fletcher, Jr., Esquire
B. Brian Brittingham, Esquire
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19903-0497

                                           **AKIN & HERRON, P.A.**

                                           /s/ Bruce C. Herron
                                           Bruce C. Herron
                                           Attorney I.D. No.: 2315
                                           1500 Shallcross Avenue, Suite 1-A
                                           Wilmington, Delaware 19806
                                           302-427-6987
                                           Attorney for Defendants

H:\tmw5\data\files\Docs\3651.056\NOS\10362.WPD